NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS MUÑOZ, | No. 21-55084 |
| Petitioner-Appellant, | D.C. No. 2:19-cv-10439-MWF-GJS |
| v. | |
| J. PICKEET, Acting Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted October 22, 2024*
Pasadena, California

Before: TALLMAN, R. NELSON, and BRESS, Circuit Judges.

Jose Muñoz appeals the district court's denial of habeas relief under 28 U.S.C. § 2254. Muñoz was convicted in California state court of first-degree murder. He argues that the state trial court's exclusion of expert testimony violated his constitutional right to present a complete defense. Muñoz sought to admit Dr. Jack Rothberg's expert testimony to support a claim of PTSD or flight-or-fight response

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

as part of Muñoz's argument that he acted in self-defense, but the trial court excluded the testimony as not relevant. The California Court of Appeal affirmed Muñoz's convictions on direct appeal and the California Supreme Court summarily denied Muñoz's petition for review. We review de novo the district court's decision denying § 2254 relief. *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.[1]

Muñoz argues that the deferential standard of review in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not apply because the California Court of Appeal did not adjudicate on the merits his federal claim regarding the exclusion of Dr. Rothberg's testimony. But "we need not resolve this" because "[e]ven without AEDPA [deference]," Muñoz is only entitled to relief if he can show that the error was prejudicial under *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). *See Fauber v. Davis*, 43 F.4th 987, 1003 (9th Cir. 2022) (declining to resolve whether AEDPA deference applied and affirming denial of habeas petition because the *Brecht* standard was not met). Under *Brecht*, "habeas relief is only available if the constitutional error had a 'substantial and injurious effect or influence' on the

---

[1] Muñoz obtained a certificate of appealability (COA) for the one claim discussed here but seeks to expand the COA to include claims related to the jury instructions and ineffective assistance of counsel. None of these claims merit a COA because Muñoz has not "demonstrate[d] 'a substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (quoting 28 U.S.C. § 2253(c)(2)).

jury verdict or trial court decision." *Jones v. Harrington*, 829 F.3d 1128, 1141 (9th Cir. 2016) (quoting *Brecht*, 507 U.S. at 623). "This standard is satisfied if the record raises 'grave doubts' about whether the error influenced the jury's decision." *Id.* (quoting *Davis v. Ayala*, 576 U.S. 257, 276 (2015)). In assessing whether there was a "substantial and injurious effect," we consider various factors, including "the importance of the witness[] testimony," "whether the testimony was cumulative," and "the overall strength of the prosecution's case." *Merolillo v. Yates*, 663 F.3d 444, 455 (9th Cir. 2011).

Muñoz fails to meet the *Brecht* standard. Muñoz argues that Dr. Rothberg's testimony would have helped the jury understand why Muñoz believed that his and his mother's lives were in immediate danger when, in fact, there is no apparent indication that the victim, Thornton, had or fired a gun. But we have no grave doubt that Dr. Rothberg's testimony would have changed the result because it would not have caused the jury to credit Muñoz's self-defense or imperfect self-defense theories. *See Brown v. Davenport*, 596 U.S. 118, 136 (2022) ("*Brecht* asks only whether a federal habeas court itself harbors grave doubt about the petitioner's verdict.") (emphasis omitted).

Muñoz put on a self-defense case, which the jury did not credit, and Dr. Rothberg's testimony would not have materially advanced that theory. The same is true of an imperfect self-defense theory. California law "recognizes imperfect self-

3

defense in homicide cases where the killing resulted from an actual but unreasonable belief in the necessity to defend against imminent peril to life or great bodily injury." *Menendez v. Terhune*, 422 F.3d 1012, 1028 (9th Cir. 2005) (quotations omitted). But once again, we do not believe Dr. Rothberg's testimony would have changed the outcome.

The prosecution's "evidence of guilt was, if not overwhelming, certainly weighty." *Brecht*, 507 U.S. at 639. Muñoz admitted that he was the shooter, and he intentionally fired a gun at a driver of a car who was driving slowly by Muñoz's residence. The notion that Muñoz fired the shots based on PTSD and paranoia, after seeing gunfire of which there is no apparent indication, was tenuous. There was testimony that Muñoz acted territorially in his neighborhood, claiming it belonged to him. In addition, Muñoz fled to Mexico after the shooting and was later heard saying that he "caught that fool slipping," "let him have it," and "blasted that fool." These statements undermine any imperfect self-defense theory.

Even so, Muñoz put forward to the jury evidence that he acted under a heightened state of mind based on his encounter with another man in his neighborhood several days before the shooting. Muñoz further claimed that he believed he saw gunfire. He did not need expert testimony to establish what he claims he saw.

For these reasons, we conclude that the expert testimony would not have

4

changed the jury's verdict and so any error in not admitting the testimony was harmless.

**AFFIRMED.**